J-S63017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRANDON RAY BURGWIN | |
| Appellant | No. 1850 WDA 2016 |

Appeal from the PCRA Order Dated November 22, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0012505-2007

BEFORE: BOWES, J., SOLANO, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SOLANO, J.:                    **FILED NOVEMBER 29, 2017**

*Pro se* Appellant Brandon Ray Burgwin appeals from the order dismissing his fourth Post Conviction Relief Act ("PCRA")[1] petition as untimely.  We affirm.

We need not discuss the facts underlying Appellant's conviction. Suffice to say, Appellant "was found guilty in a jury trial of criminal attempt [to commit] homicide [and] aggravated assault and carrying a firearm without a license.  On October 6, 2008, [Appellant] was sentenced to 20 to 40 years on the charge of attempt to commit murder, and 5 to 10 years consecutive for carrying a firearm without a license."  ***Commonwealth v. Burgwin***, No. 447 WDA 2012, 2013 WL 11259314, at *1 (Pa. Super.,

_____

[1] 42 Pa.C.S. §§ 9541-9546.

July 1, 2013) (brackets omitted) (affirming denial of Appellant's first PCRA petition), *appeal denied*, 83 A.3d 413 (Pa. 2014). Appellant appealed to this Court, which reversed the conviction for carrying a firearm without a license and affirmed the remaining convictions. ***Commonwealth v. Burgwin***, No. 465 WDA 2009, at 8 (Pa. Super., May 11, 2010). Appellant did not file a direct appeal. Appellant filed a first PCRA petition on November 24, 2010, the PCRA court denied relief, and this Court affirmed on July 1, 2013. Appellant filed two more PCRA petitions, each of which was dismissed as untimely. Order 5/18/15; Order, 3/17/14.

The court docketed the instant PCRA petition on August 25, 2016. The petition did not plead any timeliness exceptions to the PCRA's one-year timebar. ***See*** 42 Pa.C.S. § 9545(b). On October 26, 2016, the court issued a Pa.R.Crim.P. 907 notice, which stated:

> The petitioner's fourth Post Conviction Relief Act Petition, dated August 25, 2016, is DENIED. The petitioner is notified that the Court intends to DISMISS his Post Conviction Relief Act Petition within twenty (20) days of the date of this Order. Petitioner's fourth PCRA Petition is untimely, and furthermore Petitioner has failed to make a prima facie showing that a miscarriage of justice may have occurred.

Order, 10/26/16.[2] Appellant filed a response in opposition, which did not

---

[2] Rule 907 states that: "the judge shall give notice to the parties of the **intention** to dismiss the petition and shall state in the notice the reasons for the dismissal," the defendant has 20 days to respond, and "[t]he judge **thereafter** shall order the petition dismissed" or grant other relief. Pa.R.Crim.P. 907(1) (emphases added). Under this rule, the court should not deny the petition in the same document that provides notice of an intent
*(Footnote Continued Next Page)*

- 2 -

make a claim that his petition was timely, other than to claim that labeling his petition as untimely is "cruel and unusual punishment." Response to Notice of Intent to Dismiss, 11/8/16, at 1. The court denied Appellant's petition on November 22, 2016.

Appellant appealed and raises the following issues, which we repeat verbatim:

> Whether prior PCRA counsel was ineffective for failing to raise a proceeding in a tribunal without jurisdiction after the record indicated trial counsel timely objected to the 180 day rule violation pursuant to Rule 600 occurred on two occasions, continue since 1st rule non waiver PCRA counsel failed to develop any argument or cite to relevant authorities, which in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

> Whether the honorable court erred in dismissing Appellant Burgwin's PCRA by failing to let . . . Appellant exhaust his administrative remedies when court did not rule on Appellant's [trial] counsel timely objection to the 180 day rule violation pursuant to Pa.R.Crim.[P.] 600.

Appellant's Brief at 5. Appellant also filed an application for relief with this Court, in which Appellant requests our assistance and asks us to rule on the merits of the issues raised in his brief.

The PCRA court held that Appellant's petition is untimely, and we agree. We therefore do not reach Appellant's substantive issues.

_____

*(Footnote Continued)*

to dismiss the petition. Here, however, we note that the PCRA court entered the dispositive order denying Appellant's petition on November 22, 2016, after Appellant filed his timely response to the Rule 907 notice.

The timeliness of a post-conviction petition is jurisdictional, and if a petition is untimely, neither an appellate court nor the PCRA court has jurisdiction to consider it. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010). To be timely,

> [a]ll PCRA petitions must be filed within one year of the date a judgment of sentence becomes final unless the petitioner pleads and proves that (1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized.

**Commonwealth v. Fowler**, 930 A.2d 586, 591 (Pa. Super. 2007), **appeal denied**, 944 A.2d 756 (Pa. 2008). It is the petitioner's burden to allege and prove that one of the timeliness exceptions applies; whether this burden has been carried is a "threshold inquiry that must be resolved prior to considering the merits of any claim." **Commonwealth v. Robinson**, 139 A.3d 178, 186 (Pa. 2016) (citation omitted).

Appellant's fourth PCRA petition is untimely. Appellant's judgment of sentence became final on June 10, 2010 — thirty days after this Court affirmed. Therefore, Appellant had until June 10, 2011, to file a timely PCRA petition. The court docketed Appellant's fourth PCRA petition on August 25, 2016, well beyond that deadline.

To overcome the one-year time-bar, Appellant was required to plead and prove one of the PCRA's three timeliness exceptions. **See Robinson**, 139 A.3d at 186. Appellant never invokes any of the exceptions in his petition or in his brief. Because Appellant failed to plead and prove any one

of the three timeliness exceptions to the PCRA's one year time-bar, we affirm the order below.

Application for relief denied. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/29/2017